UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JANET BOLINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:04-CV-390 |
| | ) | (VARLAN/SHIRLEY) |
| K-VA-T FOOD STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff alleges that defendant unlawfully discharged her from her employment at defendant's Knoxville-area Food City grocery store in retaliation for exercising her rights under Tennessee's workers' compensation statute. [Doc. 1]. Defendant generally denies plaintiff's allegations and asserts that plaintiff was discharged pursuant to a corporate policy requiring the discharge of employees who remain on leave for more than 26 weeks. [Doc. 3].

This civil action is now before the Court for consideration of defendant's Motion for Summary Judgment [Doc. 9]. Defendant contends that plaintiff has failed to present evidence of a causal relationship between plaintiff's filing of a workers' compensation claim and her discharge. Even if plaintiff could establish such a link, defendant argues that the undisputed facts show that it discharged plaintiff pursuant to a corporate policy requiring the discharge of any employee who remains on leave for more than 26 weeks. Plaintiff opposes the motion by arguing that defendant's stated reason for discharging plaintiff is contradicted

by the statements of defendant's store manager, creating a genuine issue of disputed material fact.

For the reasons discussed herein, defendant's motion will be granted, and this case will be dismissed.

**I.     Summary Judgment Standard**

Under Rule 56(c), summary judgment is proper if the record, taken as a whole, shows that "there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of establishing that there is no genuine issue of material fact lies upon the moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The Court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *See id.*

The judge's function in considering a motion for summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, and determine the truth of the matter. *See id.* at 249. Thus, "[t]he inquiry performed is the

threshold inquiry of determining whether there is the need for trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *See id.* at 250.

**II.     Relevant Facts**

In 2002, plaintiff worked as a General Merchandise/Health and Beauty Coordinator in defendant's Food City store located in Knox County, Tennessee. [Doc. 10-4 at 3-4]. Plaintiff stocked the store shelves with items such as spices, health and beauty aids, and other general merchandise. [*Id.* at 4-5]. Plaintiff also occasionally ordered inventory.

During spring 2002, plaintiff reported to her supervisor that she had suffered a work-related injury to her left shoulder. [*Id.* at 6]. Following routine procedure, her supervisor, former store manager Robert Hensman, completed a report and sent plaintiff for medical treatment. [*Id.* at 6]. In August 2002, plaintiff underwent surgery on her shoulder and remained on leave during September, October, and November of that year. [*Id.* at 7]. During that time, plaintiff was involved in rehabilitation and received short-term workers' compensation wage loss benefits. [*Id.* at 7].

In December 2002, plaintiff returned to work with certain restrictions on the use of her left arm. [*Id.* at 7]. She worked approximately 20 hours per week and performed her work using her right arm. [*Id.* at 7]. Plaintiff's left shoulder soon became "frozen," requiring a second surgery, which she underwent in March 2003. [*Id.* at 7-8].

In August 2003, plaintiff attempted to return to work with the same restrictions on the use of her left arm. [*Id.* at 8]. She spoke to the new store manager, Kelly Bailes, about

3

returning to work. According to plaintiff, he replied that he would have to "see what he had available," but plaintiff never heard from him again. [*Id.* at 10]. Mr. Bailes recalls he had positions available, but, "I plainly told [plaintiff and her husband] several times, you need to talk with human resources, you guys get it fixed up and get it solved, get it taken care of and you come back to work." [Doc. 15-3 at 1-2].

Defendant has a corporate policy, contained in Food City's Associate Handbook, that states, "If you are not able to return to work after 26 weeks . . . you will be terminated from our active payroll." [Doc. 10-2 at 20]. In late August 2003, Peggy Lambert, defendant's Claims Coordinator who is responsible for enforcing the 26-week policy, noted that plaintiff's leave period was approaching 26-weeks. [Doc. 10-3 at 2]. On September 10, 2003, Ms. Lambert sent plaintiff a letter informing plaintiff that she would be removed from defendant's payroll effective September 19, 2003, as a result of the 26-week policy. [Doc. 15-5]. Plaintiff did not return to work before the deadline passed and was discharged. [Doc. 1 at 2].

On August 27, 2004, plaintiff filed the instant action in this Court alleging that defendant unlawfully discharged her from her employment in retaliation for exercising her rights under Tennessee's workers' compensation statute. [Doc. 1]. Defendant generally denies plaintiff's allegations and asserts that plaintiff was discharged pursuant to its 26-week policy, which is a legitimate, non-pretextual reason for plaintiff's discharge. [Doc. 3].

Plaintiff is a Tennessee citizen, residing in Anderson County, Tennessee. [Doc. 1]. Defendant is a corporation organized pursuant to the laws of Virginia and maintains its

4

principal place of business in Abingdon, Virginia. [*Id*.]. Plaintiff seeks $25,000 in compensatory damages as well as $250,000 in punitive damages. [*Id*.]. The Court's jurisdiction is proper, and the motion is ripe for disposition.

**III. Discussion**

In Tennessee, an employee who asserts a claim for retaliatory discharge for filing a workers' compensation claim has the burden of establishing four *prima facie* elements: (1) that he was an employee at the time of the injury; (2) that he made a claim against the employer for workers' compensation benefits; (3) that his employment was terminated; and (4) that the claim for workers' compensation was a substantial factor in causing the employer's decision to discharge the employee from his employment. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 558-59 (Tenn. 1993).

The employee may establish the causal relationship between the claim and the discharge by either direct or compelling circumstantial evidence. *See Thomason v. Better-Bilt Aluminum Prod., Inc.*, 831 S.W.2d 291, 293 (Tenn. Ct. App. 1992), *cited in Vaughn v. Food Lion, LLC*, No. 3:04-CV-277, 2005 WL 1648189, at *3 (E.D. Tenn. July 8, 2005).

Once the *prima facie* elements are established, the burden shifts to the employer to show "a legitimate, non-pretextual reason for the employee's discharge." *See Anderson*, 857 S.W.2d at 559 (quoting 2A A. Larson, *The Law of Workmen's Compensation* § 68.36(d) (1990)). Upon such a showing by an employer, the burden shifts back to the employee to demonstrate pretext. *See Eddins v. Geneva Pharm., Inc.*, 877 F.Supp. 413, 423 (E.D. Tenn.

5

1994) (citing *Holley v. Sanyo Mfg., Inc.*, 771 F.2d 1161, 1164 (8th Cir. 1985) (quotation omitted))). *See also Gagne v. Northwestern Nat'l Ins. Co.*, 881 F.2d 309, 314 (6th Cir. 1989).

Turning to the present case, plaintiff has established, and defendant does not dispute, the first three *prima facie* elements. Plaintiff was an employee of defendant at the time of her injury. Plaintiff made a claim against defendant for workers' compensation benefits. Plaintiff's employment was terminated by defendant.

Defendant argues, however, that plaintiff has failed to establish a causal relationship between the workers' compensation claim and the discharge. [Doc. 10 at 8-9]. In the alternative, defendant argues it discharged plaintiff for a legitimate reason, and there is no evidence of pretext. [*Id*. at 9-10]. Defendant argues that plaintiff was discharged pursuant to its legitimate corporate policy. [*Id.* at 10-11].

Plaintiff argues that there is a genuine issue of disputed material fact. [Doc. 15 at 4, 8]. Specifically, plaintiff contends that defendant's stated reason for discharging plaintiff is contradicted by the statements of defendant's store manager. [*Id*. at 4-5]. According to plaintiff, Mr. Bailes indicated that he would contact plaintiff about returning to work, but the discharge letter states that plaintiff was being discharged for failing to return to work. [*Id*.].

While Mr. Bailes's statements to plaintiff might conflict with the discharge letter, it is unclear how such a conflict is material to the causal relationship issue or pretext. Mr. Bailes's statements simply do not provide direct or compelling circumstantial evidence of a relationship between the workers' compensation claim and discharge, nor do they suggest that the stated reason for discharge was pretextual. All Mr. Bailes said was that plaintiff

6

"need[ed] to talk with human resources," and that there were jobs available. [Doc. 15-3 at 1-2]. Assuming he also indicated that he would contact plaintiff about returning to work, as plaintiff contends, his statements do not link plaintiff's workers' compensation claim to the discharge, nor do the statements suggest that the stated reason for discharge was pretextual. Thus, the only evidence explaining plaintiff's discharge is defendant's stated reason–that policy required discharge of employees who remain on leave for more than 26 weeks–which is a legitimate corporate policy.

## IV. Conclusion

A motion for summary judgment may only be granted where there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law. In a retaliatory discharge case, the employee must establish four *prima facie* elements, including a causal link between the filing of a worker's compensation claim and the discharge. In the present case, however, viewing the evidence in the light most favorable to plaintiff, there is no genuine issue of disputed material, and the evidence is insufficient to establish a causal relationship between plaintiff's workers' compensation claim and her discharge. Furthermore, there is no evidence that defendant's stated reason for discharging plaintiff was pretextual. Therefore, defendant's motion for summary judgment will be granted. *See* Fed. R. Civ. P. 56.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE